[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 28, 2008
THOMAS K. KAHN
CLERK

No. 07-12543
Non-Argument Calendar
_____

BIA No. A98-560-285

XIU XIA HUANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(May 28, 2008)**

Before ANDERSON, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Xiu Xia Huang, a native and citizen of China, petitions this Court to review the final order of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") denial of asylum and withholding of removal under the

Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158, 1231.[1] In her petition for review, Huang argues that the BIA erred by affirming the IJ's finding that she had not established past persecution, or a fear of future persecution, "on account of" one of the five grounds enumerated in Section 101(a)(42)(A) of the INA, 8 U.S.C. § 1101(a)(42)(A). Huang contends that she is a member of a particular social group consisting of young unmarried women in rural China, and that her family was persecuted based on her membership in this group. After careful review, we deny the petition for review.

We review only the BIA's decision, except to the extent that it expressly adopts the IJ's opinion. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Because the BIA did not adopt the IJ's decision, we review only the BIA's decision. To the extent that the BIA's decision was based on a legal determination, our review is de novo. See D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). The BIA's factual determinations are reviewed under the substantial evidence test, and we will "affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1284 (quotation omitted). Put another way, we will

---

[1] Huang also applied for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c). She does not challenge the denial of her CAT claim and, accordingly, has waived the claim. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

reverse a finding of fact only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Secretary of Homeland Security or the Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is any person who is unwilling to return to her home country or to avail herself of that country's protection "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion ." 8 U.S.C. § 1101(a)(42)(A).

The asylum applicant carries the burden of proving statutory "refugee" status. See Al Najjar, 257 F.3d at 1284; 8 C.F.R. § 208.13(a). The applicant satisfies this burden by showing, with specific and credible evidence: (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" of future persecution. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1257 (11th Cir. 2006). A showing of past persecution creates a presumption of a "well-founded fear," subject to rebuttal by the government. See Sepulveda, 401 F.3d at 1231. If she cannot show past persecution, then a petitioner must demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively

3

reasonable. Al Najjar, 257 F.3d at 1289. The subjective component can be established "by the applicant's credible testimony that he or she genuinely fears persecution," while the objective component "can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution." Id. (quotation omitted).

"Persecution" is "an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." Sepulveda, 401 F.3d at 1231 (quotations omitted). We have stated that mere harassment does not amount to persecution. Id. In assessing whether an alien has suffered past persecution, the BIA should consider the cumulative effect of the alleged acts of persecution. See De Santamaria v. U.S. Att'y Gen., 525 F.3d 999, 1008 (11th Cir., 2008). Thus, while individual instances of mistreatment might not amount to persecution, the record considered as a whole still may compel a finding of past persecution. Id. at 1009 (holding that record compelled a finding that the petitioner endured past persecution where, although the petitioner's physical injuries were minor, she endured repeated death threats, two physical attacks, the murder of a family friend who refused to give information on the petitioner's whereabouts, and a kidnaping accompanied by a beating).

Again, Huang relies on her membership in a particular social group consisting of young unmarried women in rural China.[2] According to Huang, her family was persecuted based on her membership in this group. The alleged persecution consisted of her father's detention by authorities, the destruction of her family's crops, and the beating of her boyfriend. The BIA found that while Huang and her family had been harassed by the son of the town leader, who was romantically interested in Huang, Huang "was never harmed and there is no evidence that anyone in China is interested in harming her on account of any protected ground." We have held that harassment, such as threats and acts of intimidation, particularly those that result in no physical harm, do not rise to the level of persecution. Sepulveda, 401 F.3d at 1231. From our review of the record, we are not compelled to conclude the BIA erred when it concluded that the mistreatment alleged by Huang amounts to mere harassment, rather than persecution. Accordingly, substantial evidence supports the BIA's determination that Huang did not suffer past persecution, or a well-founded fear of future persecution, sufficient to warrant asylum.[3]

---

[2] To the extent Huang also relies on her membership in a particular social group consisting of women in fear of forced marriages, we lack jurisdiction to review that claim since Huang did not raise it in the immigration court. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).

[3] Because Huang has not established past persecution or future persecution, we need not reach the issue of whether she belongs to a particular social group.

**PETITION DENIED.**